LOUIS BERGER, JENNIE BERGER, EDWARD WHITE, MILDRED WHITE, THOMAS PODOLSKY and FRANCES PODOLSKY, v. BEN LEFF, individually and as Administrator of the Estate of BECKY GROSSFELD, deceased.

36 So. (2nd) 439                       June Term, 1948
July 30, 1948                               En Banc

*E. F. P. Brigham* and *Cushman & Woodard,* for petitioners.

*Murrell, Fleming & Flowers* and *Albert S. Dubbin,* for respondent.

PER CURIAM:
Petition for Writ of Certiorari denied.

THOMAS, C. J., CHAPMAN, ADAMS, SEBRING and HOBSON, JJ., concur.

TERRELL and BARNS, JJ., dissent.

774

BARNS, J., dissenting:

On April 23, 1948, the respondent, Ben Leff, was the tenant of the petitioners and on that day brought his bill of complaint for a declaratory decree and relief against the petitioners, his landlords. At the time of the filing of the bill there was a suit pending, brought by the landlords against the tenant, and the tenant, Ben Leff, procured an injunction enjoining the prosecution of the common law suit, which was an action of unlawful detainer commenced on the 2nd day of April, 1948.

On the 23rd day of April the Chancellor entered an order restraining the prosecution of the said common law suit, which had been set for trial on April 27, 1948. The restraining order appears to have been entered without notice. Thereafter, on April 26, 1948, the petitioners-defendants filed their motion to dissolve the temporary restraining order, upon the ground that the bill did not justify the entering of said order and upon the ground that the restraining order should not have been issued without notice and without bond, which motion to dissolve was denied upon hearing by the Chancellor and petitioners now seek to have said restraining order and order denying the motion to dissolve said restraining order reviewed by certiorari.

The bill of complaint affirmatively shows that there is certain unpaid rent due from the tenant to the landlords and said bill fails to tender said rent into the registry of the court, to abide the judgment of the court.

The laws relating to the granting of injunctions without notice, as set up in the 1931 Chancery Act, is as follows:

"63.73—Injunctions; notice; allegations of bill of complaint.

"In all cases of application for injunction, the judge to whom presented, before granting the same, shall be satisfied that sufficient notice of the application has been given to the party sought to be enjoined and of the time and place when the motion is to be made, and no order for such injunction shall be granted without such notice, unless it is manifest to such judge from the sworn allegations in the bill or the affidavit of the complainant or other competent person, that the

injury apprehended will be done if an immediate remedy is not afforded when he may grant instanter an order restraining the party complained of until the hearing or the further order of the court which restraining order shall have all the force of an injunction until rescinded or modified by the court."—Sec. 63.73, F.S. 1941, F.S.A.

Unless there are some peculiar equities, no injunction should issue to stay proceedings at law except upon condition that the party seeking and procuring such injunction give a good and sufficient bond to indemnify the parties enjoined according to the provisions of Section 64.02, F.S. 1941, F.S.A., together with such other conditions of the bond and otherwise as the Chancellor might see fit to impose in the exercise of sound discretion.

The petition for certiorari should be granted and the aforesaid orders entered are quashed.